FILED

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
DIVISION**

2017 JAN 23 PM 4:35

VERISSA DRUMMER,   Case No.: 3:17-cv-78-J-20POB

    Plaintiff,

vs.

HUNTER WARFIELD, INC.,

    Defendant.

---

## COMPLAINT AND JURY DEMAND

Plaintiff, Verissa Drummer, on behalf of herself ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant, Hunter Warfield, Inc. ("Defendant"), and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of 15 USC §1692 *et. seq.*, the Fair Debt Collection Practices Act ("FDCPA"), Fla. Stat. §559, *et seq.*, and the Florida Consumer Collections Practices Act ("FCCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 USC §1331 and 15 USC §1692k (d) and supplemental jurisdiction for state law claims pursuant to 28 USC §1367.

3. Venue is proper in this district under 28 USC §1391(b).

## PARTIES

4. Plaintiff is a natural person, who at all relevant times resided in the in the city of Jacksonville, Duval County, state of Florida, and is a "consumer" as defined by 15 USC §1692a(3) and Fla. Stat. §559.55(2).

5. Defendant is a corporation doing business in the State of Florida, with its corporate mailing address as 4620 Woodland Corporate Blvd., Tampa, Florida, and is a "debt collector" within the meaning of the FDCPA and FCCPA because it uses the mail in operating a business that regularly collects and attempts to collect consumer debts owed or due to another 15 USC §1692a(6) and Fla. Stat. §559.55(6).

## FACTUAL STATEMENT

6. In December of 2015, Plaintiff ran and reviewed a copy of her credit report. Upon review, Plaintiff noticed a tradeline furnished by Defendant ("Tradeline").

7. The Tradeline listed, *inter alia*, an alleged balance due and owing of $397.00, as well as listed the source of the debt as one of "MAA." Plaintiff suspected that this original creditor listed as "MAA" was a water bill of some sort, but was unsure. In the event the alleged debt was derived from a past due water bill, Plaintiff did not believe she had ever left a water bill unpaid at any residence that she had ever maintained.

8. Upon information and belief that the alleged debt that Defendant was reporting on is a consumer debt as defined by the FDCPA and FCCPA.

9. On December 9, 2015, Plaintiff caused a written dispute to be sent to Defendant. Same was sent via facsimile and received by Defendant the same day.

10. On July 22, 2016, and with Plaintiff having received nothing in the way of documentation showing the veracity of the Tradeline, a second credit report was run.

11. The second credit report still contained the Tradeline furnished by Defendant, and more troublingly, same had failed to be marked as disputed.

12. Upon information and belief, and as of the date of this filing, Defendant has failed to mark the Tradeline as disputed, delete the Tradeline from the credit report or provide Plaintiff with any documentation to support the veracity of said Tradeline and the alleged debt where it arose from.

13. Plaintiff maintains her position that the alleged debt is one in dispute.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
## 15 U.S.C. §1692, *et seq.*

14. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 13 above and incorporates them as if set forth specifically herein.

15. In or around December of 2015, Plaintiff ran her credit report and discovered the Tradeline on same, which was reported by Defendant.

16. The Tradeline in question shows that the alleged debt stems from an "MAA" bill and that there is an outstanding balance of $397.00.

17. Plaintiff, while suspecting the debt underlying the Tradeline originated with a water service provider, was not certain where the alleged debt arose from. Even if her suspicions were true, Plaintiff believes that she has never left a water bill unpaid at any residence she has maintained.

18. On December 9, 2015, Plaintiff sent a written correspondence via facsimile to Defendant disputing the alleged debt.

19. On July 22, 2016 Plaintiff pulled her credit report a second time and noticed that Defendant had failed to mark this alleged debt as disputed, despite Defendant's receipt of a written debt dispute letter.

20. To date, Defendant has failed to furnish any documentation, or provide any other evidence to Plaintiff in order to affirm Defendant's position that the alleged debt is a valid debt. As a result, Plaintiff maintains her position that the alleged debt is one in dispute.

21. Defendant was put on effective notice that the alleged debt due and owing was disputed by Plaintiff.

22. Defendant failed to mark the account as disputed on Plaintiff's credit report and further failed to take any proactive steps to provide evidence that the alleged debt is valid.

23. Defendant's failures are is in direct contravention of 15 U.S.C. §1692(e)(11), wherein it is a violation of federal law to fail to communicate that an alleged debt is disputed.

24. Plaintiff has been damaged and is entitled to relief.

**WHEREFORE**, Plaintiff, Verissa Drummer, requests that this Court enter judgment against Defendant, and on behalf of Plaintiff as follows:

    A. Declaring Defendant's actions, as described above, in violation of the FDCPA;

    B. Granting Plaintiff actual damages pursuant to 15 USC §1692k(a)(1);

    C. Granting Plaintiff statutory damages pursuant to 15 USC §1692k(a)(2)(A);

    D. Granting Plaintiff an award for costs and reasonable attorneys' fees pursuant to 15 USC §1692k(a)(3);

    E. Granting such other and further relief as may be just and proper.

## COUNT II
## VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT
## FLA. STAT. § 559, *et esq.*

25. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 13 above and incorporates them as if set forth specifically herein.

26. In or around December of 2015, Plaintiff ran her credit report and discovered the Tradline on same that was reported by Defendant.

27. The Tradline in question advises that the alleged debt stems from an "MAA" bill and has an outstanding balance of $397.00.

28. Plaintiff, while suspecting the debt underlying the Tradeline originated with a water service provider, was not certain where the alleged debt arose from. Even if her suspicions were true, Plaintiff believes that she has never left a water bill unpaid at any residence she has maintained.

29. On December 9, 2015, Plaintiff sent a written correspondence via facsimile to Defendant disputing the alleged debt.

30. On July 22, 2016, Plaintiff pulled her credit report a second time and noticed that Defendant had failed to mark the alleged debt as disputed.

31. To date, Defendant has failed to furnish any documentation, or provide any other evidence to Plaintiff in order to affirm Defendant's position that the alleged debt is a valid debt. As a result, Plaintiff maintains her position that the alleged debt is one in dispute.

32. Defendant was put on effective notice that the alleged debt due and owing was disputed by Plaintiff.

33. Defendant failed to mark the account as disputed on Plaintiff's credit report and further failed to take any proactive steps to provide evidence that the debt is valid. Defendant's failures

are in direct contravention of Fla. Sta. § 559.72(6), wherein it is a violation of state law to fail to communicate that an alleged debt is disputed.

34. Plaintiff has been damaged and is entitled to relief.

**WHEREFORE**, Plaintiff, Verissa Drummer, requests that this Court enter judgment against Defendant, and on behalf of Plaintiff as follows:

> A. Declaring Defendant's actions, as described above, in violation of the FCCPA;
>
> B. Granting Plaintiff actual damages pursuant Fla. Stat. §559.77(2);
>
> C. Granting Plaintiff statutory damages pursuant to Fla. Stat. §559.77(2);
>
> D. Granting Plaintiff costs and reasonable attorneys' fees pursuant Fla. Stat. §559.77(2);
>
> E. Granting such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: January 20, 2017

Respectfully Submitted,

/s/ Jason S. Weiss
Jason S. Weiss
Weiss Law Group, P.A.
Florida Bar # 356890
5531 N. University Drive, Suite 103
Coral Springs, FL 33067
Telephone: 954-573-2800
Email: Jason@jswlawyer.com

Of Counsel to the Firm:
Law Offices of Michael Lupolover
120 Sylvan Avenue, Suite 300
Englewood Cliffs, NJ 07632
201-461-0059
DPF@lupoloverlaw.com